UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD TINNER, | CASE NO. C19-925 MJP |
| Plaintiff, | ORDER GRANTING IN PART DENYING IN PART PLAINTIFF'S MOTION TO CONTINUE DEADLINES |
| v. | |
| SAN JUAN COUNTY et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Gerald Grellet-Tinner's Motion to Continue Pretrial Deadlines and Trial.  (Dkt. No. 53.)  Having read the Motion, the Responses (Dkt. Nos. 55, 58), the Reply (Dkt. No. 59), and having heard from the Parties (Dkt. No. 60), the Court GRANTS in part and DENIES in part Plaintiff's Motion.

Plaintiff seeks a 90-day extension of all "current [and] future pretrial deadlines" given the difficulty of scheduling depositions during the current Covid-19 outbreak and with Governor Jay Inslee's "Stay Home, Stay Healthy" order in place.  (Dkt. No. 53 at 1.)  This is Plaintiff's second such Motion; the first, filed on March 30, 2020, was denied.  (Dkt. Nos. 39, 48.)  During an April

17, 2020 conference on Plaintiff's Motion, the Parties expressed confidence that witnesses would be able to appear for videoconference depositions and counsel would be able to cooperate to ensure that those depositions occurred in a timely manner. (See Dkt. No. 60.) The Court therefore finds that a 60-day continuance is sufficient.

But Defendants object to Plaintiff's request to continue the deadline for expert witness disclosures under Federal Rule of Civil Procedure 26(a)(2) because that deadline passed before Plaintiff sought a continuance. (Dkt. Nos. 55-58.) The Court's Scheduling Order set March 17, 2020 as the deadline for any "[r]eports from expert witness[es] under FRCP 26(a)(2)," which was several weeks before Plaintiff filed his first motion. (Dkt. Nos 15, 39.)

In response, Plaintiff argues that he "understands the pre-trial order language differently, reading the deadline only to apply to 'reports'" and concluding that because there was no specific language in the Court's Scheduling Order referring to the identification of non-reporting experts in this case, "the deadline was governed by the default rule, which would allow the identification of non-reporting experts 90 days prior to the trial date." (Dkt. No. 59 at 2.) But Plaintiff has not identified any retained or non-retained experts at this point, meaning that Plaintiff would not be able to take advantage of an extended deadline for expert reports. (Dkt. Nos. 42, 55.) Indeed, when Plaintiff's counsel was asked for names of potential experts during the Court's April 17, 2020 conference, he was unable to provide any. (Dkt. No. 60.) Therefore, the Court finds that extending the reporting deadline—which has already passed—would serve no purpose.

The Court therefore DENIES Plaintiff's request to extend the expert witness reporting deadline but GRANTS Plaintiff's Motion to Continue all other deadlines for 60 days.

//

//

//

The clerk is ordered to provide copies of this order to all counsel.

Dated April 23, 2020.

Marsha J. Pechman
Senior United States District Judge